IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ZULFIQAR H. MIRZA<br>813 Kennedy Blvd.<br>Bayonne, NJ 07002 | :<br>:<br>: | Civil Action – Jury Trial Demanded |
| Plaintiff | :<br>: | No. _____ |
| vs. | :<br>: | |
| NEW JERSEY TRANSIT<br>RAIL OPERATIONS, INC.<br>One Penn Plaza East<br>Newark, NJ 07105-2246 | :<br>:<br>:<br>: | |
| Defendant | : | |

## COMPLAINT

1.  The plaintiff herein is Zulfiqar H. Mirza, a citizen and resident of the State of New Jersey, residing therein at 813 Kennedy Blvd., Bayonne, NJ 07002.

2.  This action arises under the Act of Congress, April 22, 1908, c. 149, 35 Stat. 65, and amendments thereto, U.S.C.A. Title 45, §51 et seq., and further amended by the Act of Congress, approved by the President of the United States on August 11, 1939, Chapter 685 - First Session of the 76th Congress, known and cited as "The Federal Employers' Liability Act" and under "The Federal Safety Appliances Act," Title 49, U.S.C.A., §§20301, et seq., and "The Federal Locomotive Inspection Act," Title 49 U.S.C.A., §§20701, et seq.

3.  The defendant is a corporation duly organized and existing under and by virtue of the laws of the State of New Jersey and does business in the District of New Jersey.

4.  At all times material hereto the defendant did business in the District of New Jersey.

5.  At the time and place hereinafter mentioned and for a long time prior thereto, the

defendant, as a common carrier, operated trains carrying passengers, freight, express packages, baggage and foreign and domestic mail, in commerce, between the different states of the United States and its territories.

6. At the time and place hereinafter mentioned, the acts of omission and commission, causing the injuries to the plaintiff, were done by the defendant, its agents, servants, workmen and/or employees, acting in the course and scope of their employment with and under the control of the defendant.

7. At the time and place hereinafter mentioned, the plaintiff and the defendant were engaged in interstate commerce between the different states of the United States and its territories.

8. All of the property, equipment and operations involved in the accident herein referred to were owned by and under the control of the defendant, its agents, servants, workmen and/or employees.

9. As a result of the accident herein referred to, plaintiff has suffered a loss and impairment of earnings and earning power and will suffer the same for an indefinite time in the future; has undergone great physical pain and mental anguish and will undergo the same for an indefinite time in the future; has been obliged to and will have to continue to expend large sums of money in the future in an effort to effect a cure of his aforesaid injuries; has been unable to attend to his usual duties and occupation and will be unable to attend to the same for an indefinite time in the future, all to his great detriment and loss.

10. The accident herein referred to was caused solely and exclusively by the negligence of the defendant, its agents, servants, workmen and/or employees, and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff.

11. On or about January 21, 2015, at or about 4:00 a.m., and for some time prior thereto plaintiff was employed by the defendant, New Jersey Transit Rail Operations, Inc.

12. On the aforementioned date, and at the aforementioned time, plaintiff was exiting locomotive 4534 on the fireman's side while he was located at the Hoboken Yard, Hoboken, NJ.

13. Plaintiff opened the locomotive door and began to descend the locomotive steps.

14. As plaintiff was descending the steps, as a result of the negligence of the defendant its agents, servants, workmen and/or employees and further due to its violation of the Federal Locomotive Inspection Act, the door suddenly and without warning closed, closing upon plaintiff's left thumb, and causing him to sustain the serious painful and permanent personal injuries more particularly hereinafter set forth.

15. The aforementioned acts that was caused by the negligence and carelessness of the defendant, its agents, servants, workmen and/or employees, and further by its violation of the Federal Locomotive Inspection Act, and was not caused by any conduct on the part of the plaintiff.

15. The negligence of the defendant consisted of the following:

    (a) Failing to inspect the subject locomotive door;

    (b) Failing to discover the unsafe condition of the locomotive door;

    (c) Failing to properly maintain the locomotive door;

    (d) Failing to properly repair the locomotive door;

    (a) Requiring plaintiff to work on equipment that had a defective locomotive door;

    (b) Permitting a locomotive to be used in service even though it had a broken, defective, inefficiently operating and unsafe locomotive door;

    (c) Failing to warn plaintiff of these dangerous conditions.

16. The railroad is also liable to the plaintiff because of its violation of the Federal Locomotive Inspection Act.

17. The aforesaid accident was caused by the negligence of the defendant, its agents, servants, workmen and/or employees, and by the defendant's violation of "The Federal Employers'

Liability Act," "The Federal Safety Appliances Act" and "The Federal Locomotive Inspection Act," and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff.

18. As a result of the aforesaid accident, plaintiff sustained injuries to his body, including but at this time not limited to, its bones, cells, tissues, nerves, muscles and functions. Plaintiff sustained a left thumb fracture and left felon infection to thumb. Some or all of the above injuries are or may be permanent in nature. The full extent of plaintiff's injuries are not presently known.

WHEREFORE, plaintiff demands judgement against the defendant for a sum in excess of One Hundred Fifty Thousand Dollars ($150,000.00).

Respectfully submitted,

COFFEY KAYE MYERS & OLLEY

BY: _____
ROBERT E. MYERS, ESQUIRE
Counsel for Plaintiff

Date: 10-3-16